[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS  K. KAHN
CLERK

_____

No. 03-14720
_____

D. C. Docket No. 01-02236-CV-AJ

TAURUS HOLDINGS, INC.,
TAURUS INTERNATIONAL MANUFACTURING, INC.,

Plaintiffs-Appellants,

versus

UNITED STATES FIDELITY AND GUARANTY COMPANY,
PACIFIC INSURANCE COMPANY, LIMITED,
FEDERAL INSURANCE COMPANY,
GREAT NORTHERN INSURANCE COMPANY,
UNITED NATIONAL INSURANCE COMPANY,
FIREMAN'S FUND INS.,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 29, 2005)**

Before ANDERSON, CARNES and FAY, Circuit Judges.

FAY, Circuit Judge:

Taurus is in the business of manufacturing, selling and distributing firearms. A group of municipalities have sued Taurus and other handgun manufacturers seeking compensation for expenses allegedly resulting from gun violence within their communities. Taurus, in turn, filed this declaratory action against a group of insurance companies seeking contributions from them to cover the cost of defending the suits. The district court found that the "products-completed operations hazard" provision excluded coverage.

Because we were faced with an important question of Florida law where no binding precedent was present, we decided to seek the guidance of the Florida Supreme Court before reaching our decision. On April 29, 2004, we issued an opinion in this case in which we asked the Florida Supreme Court to answer a certified question regarding the interpretation of Florida Law concerning whether commercial liability policies exclude coverage for lawsuits that several municipalities have filed against a gun manufacturer. The facts in this case are set forth in our original opinion in Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 367 F.3d 1252 (11th Cir.2004). The question was as follows:

2

DOES A "PRODUCTS-COMPLETED OPERATIONS HAZARD" EXCLUSION IN A COMMERCIAL GENERAL LIABILITY POLICY OF INSURANCE BAR COVERAGE AND THEREFORE ELIMINATE AN INSURER'S DUTY TO DEFEND THE INSURED GUN MANUFACTURER IN SUITS ALLEGING NEGLIGENCE, NEGLIGENT SUPERVISION, NEGLIGENT MARKETING, NEGLIGENT DISTRIBUTION, NEGLIGENT ADVERTISING, NEGLIGENT ENTRUSTMENT, PUBLIC AND PRIVATE NUISANCE, FAILURE TO WARN, FALSE ADVERTISING, AND UNFAIR AND DECEPTIVE TRADE PRACTICES BASED ON THE INSURED'S ON-PREMISES BUSINESS PRACTICES.

In its response, the Florida Supreme Court answered in the affirmative, holding that the board language in the policies excluding from coverage "all bodily injury and property damage occurring away from premises you own or rent arising out of your product" excludes coverage for these lawsuits. The court concluded that the products-completed operations hazard exclusion found in the commercial general liability policies Taurus purchased excluded coverage for the claims raised against Taurus in the underlying suits.

The opinion of the Florida Supreme Court can be found at <u>Taurus Holdings v. U.S. Fidelity</u>, 30 Fla. L. Weekly S 633 (Fla. 2005).

The judgment of the district court is AFFIRMED.[1]

---

[1]We are grateful to the Supreme Court of Florida for its assistance.