[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11510
_____

D.C. Docket No. 0:12-cv-62392-KMM


THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, FEDERAL INSURANCE COMPANY and GREAT NORTHERN INSURANCE COMPANY,

Plaintiffs-Counter Defendants-Appellees,

versus

ANDA, INC. and WATSON PHARMACEUTICALS, INC.,

Defendants-Counter Plaintiffs-Appellants,

versus

GEMINI INSURANCE COMPANY,

Counter Defendant, Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2016)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and STORY,[*] District Judge.

STORY, District Judge:

This case involves an insurance coverage dispute arising out of a state court action seeking to hold Appellants liable for damages in connection with wide-spread prescription drug abuse in West Virginia.  The district court held that Appellees have no duty to defend in the underlying action and granted summary judgment for Appellees.  We affirm.

Defendants-Counter Plaintiffs-Appellants Anda, Inc. and Watson Pharmaceuticals, Inc. (collectively, "Anda") distribute pharmaceuticals.  The State of West Virginia sued Anda and other pharmaceutical companies in West Virginia state court setting forth various causes of action related to the epidemic of prescription drug abuse and its costs to the State of West Virginia.

Anda purchased a number of general commercial liability insurance policies from Plaintiffs-Counter Defendants-Appellees The Travelers Property Casualty Company of America ("Travelers"), St. Paul Fire and Marine Insurance Company ("St. Paul"), Federal Insurance Company ("Federal"), and Great Northern Insurance Company ("Northern") and Counter Defendant-Appellee Gemini Insurance Company ("Gemini") (collectively, the "Insurers") between 2001 and

---

[*] Honorable Richard W. Story, United States District Judge for the Northern District of Georgia, sitting by designation.

2013.  Anda sought defense and indemnification in the West Virginia Action.  The Insurers initiated this suit against Anda, seeking a declaratory judgment that they have no duty to defend or indemnify Anda in the underlying action in West Virginia state court.   Federal and Gemini reached settlements with Anda on the eve of oral argument.  Accordingly, we address only the issue of whether Anda is afforded coverage under the policies issued by Travelers and St. Paul.  Because of the products exclusion clauses in those policies, we conclude that the policies provide no coverage for Anda.

## I. BACKGROUND

Anda is a wholesale pharmaceutical distributor.  The State of West Virginia has sued Anda and other pharmaceutical companies in West Virginia state court, requesting an injunction against their distribution practices and seeking compensation for expenses the state alleges it has incurred as a result of the proliferation of "Pill Mills" and the attendant "opioid epidemic."  *State of West Virginia ex rel. Darrell V. McGraw Jr. v. Amerisourcebergen Drug Corp., et al.*, No. 12-C-141 (W. Va. Cir. Ct., Boone Cty.) (the "West Virginia Action").  The State alleges that, as a result of Anda's conduct, it has been forced to dedicate significant resources to law enforcement and police operations, hospitals and

3

emergency rooms, and jails and prisons.  The costs imposed by the opioid epidemic have diverted funds that the State would have used for other purposes.

## A. *The West Virginia Action*

The Amended Complaint in the West Virginia Action alleges that Anda and other pharmaceutical distributors are "an integral part of the Pill Mill process." The State alleges that pharmaceutical distributors, including Anda, knowingly or negligently flood the West Virginia market with commonly-abused drugs.  The State claims that it has suffered myriad harms as a result of the over-supply of Anda's products in the market, the proliferation of Pill Mills, and the attendant opioid epidemic.  Those harms include increased crime, congested hospitals and emergency rooms, exhausted law enforcement resources, overcrowded jails and prisons, and court dockets over-crowded with prescription drug-related cases and crimes committed by addicts.  The State alleges that Anda's distribution of its products not only damages the health and safety of West Virginians, but also imposes massive economic damages on the State itself.

## B. *The Declaratory Judgment Action*

The Insurers issued general commercial liability insurance policies to Anda between 2001 and 2013, with Traveler's and St. Paul's policies issuing between 2006 and 2013.  Under these policies, the Insurers have the duty to defend and indemnify Anda in lawsuits seeking damages for or because of bodily injury.

4

These policies exclude, however, coverage for damages included within products-completed provisions. The Travelers policy excludes coverage for injuries "arising out of" "[a]ny goods or products . . . manufactured, sold, handled, distributed[,] or disposed of by . . . You" (the "Travelers Products Exclusion"). Similarly, the St. Paul policy states: "We won't cover bodily injury or property damage that results from your products or completed work" (the "St. Paul Products Exclusion").

The Insurers initiated the suit below, seeking a declaration that they have no duty to defend or indemnify Anda in the West Virginia Action. *Travelers Prop. Cas. Co. of Am. et al. v. Anda, Inc. et al.*, Case No. 0:12-cv-62392-KMM (S.D. Fla.). In an omnibus order deciding cross-motions for summary judgment, the district court concluded that because the State did not assert claims "for bodily injury" or "because of bodily injury," the Travelers and St. Paul policies did not afford coverage. The district court found that the Travelers and St. Paul Products Exclusions were not triggered because no "bodily injury" was alleged. Anda moved for reconsideration of the court's grant of summary judgment for the Insurers. The district court denied that motion and this appeal followed.

## II. STANDARD OF REVIEW

We review a district court's order granting a motion for summary judgment de novo. *Lindley v. F.D.I.C.*, 733 F.3d 1043, 1050 (11th Cir. 2013). We may

5

affirm the district court's judgment for any reason supported by the record, even if the court below did not rely upon the same reasoning. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1301 (11th Cir. 2007).

## III. DISCUSSION

In reaching its decision below, the district court relied on the policy language that required the insurers to defend or indemnify claims "because of" or "for" "bodily injury." *Travelers Prop. Cas. Co. of America, et al. v. Anda, Inc., et al.*, Case No. 0:12-cv-62392-KMM (Mar. 9, 2015). The district court concluded that the St. Paul and Travelers policies did not afford coverage because the State's Amended Complaint in the West Virginia Action asserted claims "for" and "because of" economic harm to the State rather than "bodily injury."

We decline to reach the question of whether the State's claims in the West Virginia Action are "for" or "because of" bodily injury. We think the better conclusion is that the St. Paul and Travelers policies do not afford coverage because of the policies' Products Exclusions. The St. Paul and Travelers policies contain a "Products and Completed Work Exclusion" and a "Products Exclusion," respectively, that preclude coverage. Accordingly, St. Paul and Travelers have no duty to defend or indemnify.

6

The Travelers and St. Paul policies are general commercial liability policies that specifically exclude coverage for products liability.  The Travelers Products Exclusion omits coverage for bodily injury "arising out of" Anda's products while the St. Paul Products Exclusion eliminates coverage for damage that "results from" Anda's products.

Each of these policies is governed by California law.  California law interprets "arising out of" and "results from" similarly, and requires only a minimal causal connection or link between the products sold or distributed by an insured and the alleged injury.  *Pension Trust Fund v. Fed. Ins. Co.*, 307 F.3d 944, 952-53 (9th Cir. 2002) (collecting cases); *Cont'l Cas. Co. v. City of Richmond,* 763 F.2d 1076, 1080 (9th Cir. 1985) ("'Arising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to, or having a connection with.'").

The injuries alleged by the State in the West Virginia Action have, at the very minimum, a "connection with" Anda's products.  In that action, the State seeks to enjoin the way Anda distributes its products.  It also seeks monetary damages arising from the injuries—whether they be "bodily" or not—caused by these products.  At bottom, the State claims that Anda and other pharmaceutical distributors have so flooded the market with their products that West Virginia

7

suffers from an opioid epidemic.  As a result of that epidemic, the State has suffered monetary losses that it now seeks to recover.  The causal connection between Anda's products and the injuries alleged by the State is sufficient to meet the low bar set by California law.  Accordingly, we conclude that all the underlying claims, if covered at all, are embraced within the Travelers and St. Paul Products Exclusions, which render any coverage inapplicable.

This holding is in line with our previous ruling in *Taurus Holdings, Inc. v. U.S. Fidelity and Guaranty Co.*, 367 F.3d 1252 (11th Cir. 2004).  In that case, we considered a question of insurance coverage for a similar underlying suit.  There, government municipalities sued Taurus—which manufactures, sells, and distributes firearms—for expenses incurred as a result of gun violence in their communities.  *Id.* at 1252.  Taurus's commercial general liability insurance policies, like Anda's here, excluded coverage for damages included within a "products-completed operations hazard" provision.  *Id.* at 1253.  That provision similarly excluded coverage for "bodily injury and property damage . . . arising out of your product or your work."  *Id.* (emphasis removed).  On appeal, we considered whether, under Florida law, the products-completed operations hazard exclusion applied to the underlying lawsuits against Taurus.  We certified the question to the Florida Supreme Court, which held that the cost of medical and other services the municipalities incurred as a result of gun violence "arise out of"

8

the use of guns. *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 540 (Fla. 2005).

In so holding, the Florida Supreme Court defined the term "arising out of" broadly, meaning "'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" *Id.* at 532-33 (quoting *Hagen v. Aetna Cas. & Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996)). We conformed our holding in *Taurus* to the opinion of the Florida Supreme Court. We held that the products-completed operations hazard exclusion found in the commercial general liability policies Taurus purchased excluded coverage for the claims raised against Taurus in the underlying municipal suits. *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 431 F.3d 765, 766 (11th Cir. 2005). The "arising out of" language in the Anda policy exclusions has the same meaning as that in the Taurus policies. As in *Taurus*, we interpret the exclusionary language here broadly and impose a low bar for causation. Accordingly, the commercial liability policies issued by Travelers and St. Paul exclude coverage for the claims raised against Anda in the West Virginia Action. The judgment of the district court is affirmed.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Travelers and St. Paul.

9